## FRY v PENNSYLVANIA RD. CO.

Ohio Appeals, 2nd Dist, Delaware Co

No 291. Decided Jan 7, 1941

E. M. Wickham, Delaware, for defendant-appellee and for the motion.

H. M. Rust, Mansfield, for plaintiff-appellant and contra the motion.

### OPINION

BY THE COURT:

Submitted on motion of defendant-appellee to dismiss the appeal of plaintiff-appellant for failure to comply with Rule VII of the Rules of Practice of the Courts of Appeals of Ohio.

It appears that appellant is in default for failure to file brief or assignment of errors in accordance with the requirements of the rule.

Against the motion counsel for appellant proves that Rule VII has not been carried on to the journal of the Court of Appeals for Delaware County, and because of this fact it is urged that there is no effective, binding rule on the subject in the jurisdiction of Delaware County.

We consider the question upon the theory that the court has not made the rule under its inherent power, or because of its rule-making authority, 10 Cincinnati Law Review 32, 7 O. Bar, 630, but under statutory power as found in §1522 GC,

"The judges of the Courts of Appeals of the state, or a majority of such judges, may make and publish such uniform rules of practice for all the districts, as are not in conflict with statute or the rules of the Supreme Court."

Pursuant to this authority the members of the various Courts of Appeals of the state have made and have published in the legal publication of the court, the Ohio Appellate Reports, in Volume 50, pp. XLIX to LIV, inclusive, uniform rules of practice binding upon all the districts of the state, a part of which rules is Rule VII. Full compliance with the provisions of §1522 is sufficient to establish the validity and effectiveness of Rule VII in the Delaware County Court of Appeals, even though the rule is not carried upon the journal of the court of that county.

The motion to dismiss the appeal will be sustained.

Counsel for the appellant at the time that the motion was submitted requested separate findings of fact and law. Such procedure is doubtful upon a motion, but in preparing the entry sustaining the motion counsel for appellee may incorporate therein pertinent facts together with the law as found in this per curiam.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.

### APPLICATION FOR REHEARING

No 291. Decided Jan 17, 1941

BY THE COURT:

Submitted on application of appellant for rehearing. Four reasons therefor are assigned.

# 660

The application will be overruled. The entry may specifically recite that §1522 is found to be constitutional.

All other matters were passed on in our original decision, and all facts essential to the ruling on the motion may be carried in the entry overruling it.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.